## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YELLOW PAGES PHOTOS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 25-cv-454 |
| | ) | |
| v. | ) | |
| | ) | |
| PITTSBURGH LOCKSMITH STORE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.  Introduction

Pending before the court is an *ex parte* motion for alternative service filed by Yellow Pages Photos, Inc., ("plaintiff" or "Yellow Pages"). (ECF No. 11). Yellow Pages asserts that defendant Pittsburgh Locksmith Store ("defendant" or "Pittsburgh Locksmith") is a business entity with an unknown address and seeks authorization to serve defendant via email rather than via service of process. Yellow Pages argues that this situation falls within an exception to service by traditional means because it is being irreparably harmed by defendant's conduct, and that defendant's physical address discovered after subpoena of the domain registrar of defendant's website resulted in a "large shopping mall with no record of Defendant in its directory." (ECF No. 12 at 1).   The questions before the court are 1) whether Yellow Pages showed that this is a situation which would permit service via a method other than service through process, and 2) whether Yellow Pages met its burden to permit service by alternative method.  The motion is ripe for disposition.

## II. Factual and Procedural Background

On April 2, 2025, plaintiff filed a complaint against "John Doe" alleging federal copyright infringement. (ECF No. 1). On May 9, 2025, plaintiff filed a motion for issuance of subpoenas *duces tecum* to nonparties to compel internet domain service providers to produce "name and contact information for the person or entities that operate the website www.Pittsburgh-locksmith-store.com." (ECF No. 5 at 1). On July 1, 2025, plaintiff filed an amended complaint to name Pittsburgh Locksmith as the defendant. (ECF No. 8). On July 2, 2025, plaintiff attempted to have process served on Pittsburgh Locksmith at the address provided by defendant's domain registrar of its website, but there was no record of defendant at that address, a shopping mall. (ECF No. 1 at 1). On July 30, 2025, plaintiff filed an *ex parte* motion for alternative service (ECF No. 11) and a brief in support of that motion (ECF No. 12).

## III. Legal Standard

### A. Federal Rule for Service of Process

Federal Rule of Civil Procedure 4(h) defines the approved methods of service of process on corporations, partnerships, and associations. Fed. R. Civ. P. 4(h). Under Rule 4(h)(1), plaintiffs may serve domestic business entities in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(h)(1). The manner of service authorized by Rule 4(h)(1)(A) contemplates the kinds of service permitted under state law under Rule 4(e), which provides:

2

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

Fed. R. Civ. P. 4(e)(1).

The applicable state law in this district is Pennsylvania law and plaintiff relies on Pennsylvania Rule of Civil Procedure 430, which permits a court by special order to direct "the method of service" when "service cannot be made under the applicable rule." Pa. R. Civ. P. 430(a). To comply with Rule 430(a) the plaintiff's "motion shall be **accompanied by an affidavit** stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Id. (emphasis added)

### B. Pennsylvania Standard for Alternative Service

Alternate service is appropriate only as a last result when service under the applicable Rule "cannot be made." Grove v. Guilfoyle, 222 F.R.D. 255, 257 (E.D. Pa. 2004) (quoting Pa. R. Civ. P. 430(a)).

> Under Pennsylvania law, a plaintiff must meet three conditions for alternative service: 1) the plaintiff must demonstrate "a good faith effort to locate the person to be served; 2) the "plaintiff must undertake practical efforts to serve defendant under the circumstances"; and 3) "[i]f the plaintiff has satisfied these first two steps, [the plaintiff] must then show that the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against him [or her]."

United States v. Kistler, No. 3:25CV773, 2025 WL 2301195, at *2 (M.D. Pa. Aug. 8, 2025) (citing Olympic Steel, Inc. v. Pan Metal & Processing, LLC, 2012 WL 682381 (E.D. Pa. Mar. 2, 2012)); see Calabro v. Leiner, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006).

For a defendant's address to be considered unknown, the court must find that the plaintiff "exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." Pinkfong Co., Inc. v. Avensy Store, No. 1:23-CV-

09238, 2023 WL 8531602, at *2 (S.D.N.Y. Nov. 30, 2023). Generally, courts hold that "before requesting leave to make alternative service, plaintiff must make a 'good faith' efforts [sic] to locate and serve the defendant." Accu-Tech Corp. v. Network Techs. Grp., Inc., No. CIV.A. 05-1923, 2005 WL 1459543, at *1 (E.D. Pa. June 17, 2005).

IV. Discussion

    A. **Good Faith Effort to Locate Defendant**

Yellow Page's initial complaint was filed against "John Doe" because the defendant was unkown. (ECF No. 1.)  The copyright infringement alleged in plaintiff's complaint occurred on a website using "a web host which deliberately conceals the addresses of the sites it registers." (ECF No. 12 at 4). Defendant's identifying information was not obvious from the website at central issue in this case.  After issuing subpoenas *duces tecum* on non-party internet domain service providers (ECF No. 7), plaintiff obtained identifying information about the purported owner of the website.  Plaintiff amended his complaint to name defendant "Pittsburgh-Locksmith-Store." (ECF No. 8).

    B. **Efforts to Serve Defendant**

Based on the information gathered from the nonparty subpoenas on the service providers for defendant's website domain registration, plaintiff attempted to serve the identified owner of the website at the address obtained from the domain service providers. (ECF No. 9).  The service failed when "it was discovered that the location was a large shopping mall with no record of Defendant in its directory." (ECF No. 12 at 4).  Defendant's address listed with the domain registrar appears to be false.  Plaintiff avers it has exercised reasonable diligence to locate a physical address for defendant.

### C. Alternate Service will Reasonably Calculated to Provide Defendant Notice

Plaintiff maintains that because defendant conducts its business over the internet and it regularly communicates with the website domain service providers by email, that service by email is "a reliable form of contact" to reach defendant. (ECF No 12 at 5); see Madden v. Canus Corp., No. CV 19-1632, 2019 WL 13292922, at *1 (E.D. Pa. June 6, 2019). Defendant's website has no identifying address information and the physical address for defendant obtained by subpoena proved unactionable. Plaintiff was not able to determine a correct physical address for defendant for personal service of process. (ECF No. 12 at 7).

### D. Analysis

The court recognizes that Yellow Pages exercised a reasonable amount of due diligence thus far in attempting to identify defendant and effectuate service. Plaintiff, however, failed to provide the court with a supporting affidavit as required by Pennsylvania Rule 430(a). The court can not address the request to permit alternative service until plaintiff files "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a). Mizrahi v. Anna, No. 23-2462, 2023 WL 7273725, at *9 (D.N.J. Nov. 3, 2023) (applying New Jersey law which mirrors Pennsylvania law with respect to the requirement for an affidavit).

### V. Conclusion

Because Yellow Pages' motion for alternate service did not include an affidavit stating the extent of plaintiff's efforts to locate defendant, the court will deny its motion for alternative service, without prejudice.

An appropriate order will follow.

November 12, 2025                           /s/ Joy Flowers Conti
                                            Joy Flowers Conti
                                            Senior United States District Judge